UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

FURNITURE FIRST, INC., a Delaware
Corporation,

                          JURY TRIAL DEMANDED

       Plaintiff.

vs

MATTRESS ONE, INC., a Florida
Corporation,

       Defendant.
_____/

**PLAINTIFF FURNITURE FIRST, INC.'S COMPLAINT
AND DEMAND FOR JURY TRIAL**

Furniture First, Inc. ("Furniture First" or "Plaintiff") brings this action for Trademark Infringement and Unfair Competition under Federal Law, violation of the Anti-Cybersquatting Consumer Protection Act, and Florida Common Law Trademark Infringement and Unfair Competition against Defendant Mattress One, Inc., and alleges:

**PARTIES AND JURISDICTION**

1.  Plaintiff, Furniture First, is a Delaware corporation with its principal place of business at 6041 Linglestown Rd., Harrisburg, PA 17112.

2.  Defendant, Mattress One, Inc., is a Florida corporation with its principal place of business at 1632 Northwest 82nd Ave., Doral, Florida.

3.  This Court has original subject matter jurisdiction over the federal trademark infringement, unfair competition, and violation of the Anti-Cybersquatting Consumer Protection Act claims in this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332, 1338 and 1367, in that these claims arise under federal statutes. The Court has jurisdiction of the claims

brought under Florida Common Law pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

4. Plaintiff is informed and believes that the Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193(1)(a)(1) and (2), in that Defendant has extensive contacts with, conducts business in, and resides in Florida.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c). Defendant resides in this District and has committed acts of unfair competition in the nature of trademark infringement in this District and elsewhere in commerce.

### PLAINTIFF AND ITS NAME AND MARKS

6. Since on or about 2000, Plaintiff, a buying cooperative, and its members have continuously used in interstate commerce of the United States the designation MATTRESS1ST in block letters as a trademark for bedding (namely mattresses) and the designation MATTRESS1ST in a stylized format as a service mark in connection with the advertising and promotion of retail store services featuring furniture and bedding (hereinafter the "MATTRESS1ST Marks").

7. Over the past 13 or more years, Plaintiff and its members have sold millions of dollars of mattresses and bedding under the MATTRESS1ST Marks.

8. Plaintiff and its members also promote and sell mattresses, bedding, and related products and retail services on its website, *www.MATTRESS1ST.com*.

9. As a result of Plaintiff's extensive use, sales, advertising and promotion, the MATTRESS1ST Marks acquired a strong distinctiveness and secondary meaning signifying Plaintiff's mattresses and related bedding products.

2

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

10. Plaintiff has registered its MATTRESS1ST Marks with the United States Patent and Trademark Office ("USPTO") and owns the following federal registrations:

(a). MATTRESS 1ST (Stylized), Registration No. 2,672,697 for "retail store services featuring furniture and bedding"; filed April 21, 2000; registered January 7, 2003.

(b) MATTRESS1ST. Registration No. 2,873,327 for "bedding, namely, mattresses"; filed August 26, 2002; registered August 17, 2004.

11. Each of Plaintiff's aforesaid registrations is valid, subsisting and incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b) and constitutes conclusive evidence of Plaintiff's exclusive right to use each mark in commerce. Copies of the certificates issued by the USPTO for the registration of the MATTRESS1ST Marks are attached as Exhibit A and Exhibit B.

### DEFENDANT'S INFRINGEMENT OF PLAINTIFF'S MARK

12. Defendant is engaged in providing services in the nature of retail sales of mattresses and bedding.

13. Long after Plaintiff's adoption, first use, and federal registrations of its MATTRESS1ST Marks, and the MATTRESS1ST Marks acquisition of great distinctiveness and fame, Defendant adopted and began using, without authorization from Plaintiff, the name and mark MATTRESS1ONE as a trade name and service mark for Defendant's business and services.

14. Long after Plaintiff's adoption, first use, and federal registrations of its MATTRESS1ST Marks, and the MATTRESS1ST Marks acquisition of great distinctiveness and fame, Defendant adopted, registered, and began using, without authorization from Plaintiff, the internet domain name [www.Mattress1.com](www.Mattress1.com) which is confusingly similar to Plaintiff's

MATTRESS1ST Marks, (the "Domain Name").

15. Defendant's use of the MATTRESS1ONE mark to offer, advertise, market and/or sell mattresses, bedding, and other related products is likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

16. Defendant has knowledge of its infringing activity since at least November 22, 2013, when Plaintiff sent a cease and desist letter to Defendant.

17. Having received no response, Plaintiff followed up on its initial letter with a January 9, 2014 correspondence to Defendant.

18. Finally, Counsel identifying himself as representing Defendant responded that it would "provide [Plaintiff] with a formal response within the next 30 days" on January 20, 2014.

19. Having received no further communication, Plaintiff sent Defendant a follow-up letter, on May 13, 2014.

20. Having still received no communication from Defendant, Plaintiff has been forced to file suit to prevent Defendant's continued and willful infringement and stop the continued damage to Plaintiff.

21. Defendant has continued its infringing use of Plaintiff's MATTRESS1ST Marks.

22. Defendant's aforesaid acts have greatly and irreparably damaged Plaintiff and will continue to damage Plaintiff, unless enjoined by this Court; wherefore, Plaintiff is without an adequate remedy at law.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING
### 15 U.S.C. § 1114

23. The allegations of paragraphs 1 through 22 of the Complaint are repeated and realleged as though fully set forth herein.

4

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

24. The actions of Defendant described above and specifically, without limitation, its unauthorized use of the MATTRESS1ST Marks and/or confusingly similar variations thereof, in commerce to advertise, promote, market and sell mattress and bedding related products throughout the United States, including Florida, constitute trademark infringement in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

25. Because of Plaintiff's long, continuous, and exclusive use of the MATTRESS1ST Marks, they have come to mean, and are understood by customers and the public to signify the products and services of Plaintiff.

26. The infringing products and services that Defendant has and is continuing to offer, advertise, market and/or sell are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

27. Further, Defendant's activities are likely to lead the public to conclude, incorrectly, that the infringing products and services that Defendant is advertising, marketing and/or selling originate with or are authorized by Plaintiff, to the damage and harm of Plaintiff and the public.

28. Upon information and belief, Defendant offered, advertised, marketed and/or sold infringing products and services with the purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the infringing products and services, and of trading upon Plaintiff's business reputation.

29. At a minimum, Defendant acted with willful blindness to and in reckless disregard of the registered MATTRESS1ST Marks.

30. As a result of its wrongful conduct, Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

5

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

CASE NO. _____

31. Plaintiff has been injured by Defendant's conduct and is entitled to recover damages, which include any and all profits Defendant has made as a result of its wrongful conduct under 15 U.S.C. § 1117(a).

32. Plaintiff is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order compelling the impounding of all infringing materials being offered, advertised, marketed and/or sold by Defendant.

33. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) the MATTRESS1ST Marks are unique and valuable properties which have no readily determinable market value; (b) Defendant's infringement constitutes harm to Plaintiff such that Plaintiff could not be made whole by any monetary award; (c) if the Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing products; and (d) Defendant's wrongful conduct, and the resulting damage to Plaintiff is continuing.

34. This case is exceptional and the Plaintiff is also entitled to recover its attorneys' fees and costs of suit under 15 U.S.C. § 1117.

35. The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the MATTRESS1ST Marks and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

LOTT & FISCHER, PL • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

CASE NO. _____

<u>COUNT II</u>
<u>FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN</u>
<u>15 U.S.C. § 1125(A)</u>

36. The allegations of paragraphs 1 through 22 of the Complaint are repeated and realleged as though fully set forth herein.

37. This is an action for unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

38. Defendant's use of the MATTRESS1ONE Marks and the Domain Name complained of herein is confusingly similar to the Plaintiff's MATTRESS1ST Marks in sound, appearance and commercial impression. Such use unlawfully exploits the commercial value Plaintiff has developed in the MATTRESS1ST Marks, and is likely to cause confusion or mistake, or to deceive as to its affiliation or association with Plaintiff and as to the origin, sponsorship and approval of Plaintiff's products and services and as to the approval of such products and services by Plaintiff.

39. The goods and services of Defendant are closely related to the goods and services of Plaintiff, in that both are related to mattresses, beddings, and similar products.

40. Both Plaintiff's and Defendant's goods and services are sold and promoted through overlapping trade channels and purchased by the same and overlapping classes of purchasers.

41. Defendant was aware of the strength of the MATTRESS1ST Marks prior to its use of MATTRESS1ONE and the Domain Name, and its continued use of both is in bad faith, willful and intentional.

42. Defendant's continued use of MATTRESS1ONE and the Domain Name is likely to cause and is causing Plaintiff substantial and irreparable injury, depriving Plaintiff of its right

to determine the manner in which the MATTRESS1ST Marks are represented to the general public through merchandising and marketing.

43. Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

44. As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer damages. Plaintiff is entitled to injunctive relief. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) the MATTRESS1ST Marks are unique and valuable property which have no readily-determinable market value; (b) Defendant's wrongful actions constitute harm to Plaintiff such that Plaintiff could not be made whole by any monetary award; (c) if the Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing products; and (d) Defendant's wrongful conduct, and the resulting damage to Plaintiff is continuing.

## COUNT III
## VIOLATION OF ANTI CYBERSQUATTING CONSUMER PROTECTION ACT
## 15 U.S.C. § 1125(D)

45. The allegations of paragraphs 1 through 22 of the Complaint are repeated and realleged as though fully set forth herein.

46. Plaintiff's MATTRESS1ST Marks were distinctive at the time of the registration of the Domain Name.

47. Upon information and belief, Defendant had full knowledge of the MATTRESS1ST Marks when it secured registration for the Domain Name.

48. Defendant has registered, trafficked in, and/or used the Domain Name with the bad faith intent to profit from the MATTRESS1ST Marks.

49. Upon information and belief, the Domain Name have been used by the Defendant

8

**LOTT & FISCHER, PL** • 355 Alhambra Circle • Suite 1100 • Coral Gables, FL  33134
Telephone: (305) 448-7089 • Facsimile: (305) 446-6191

CASE NO. _____

with the bad faith intent to reap the benefit of the goodwill in the MATTRESS1ST Marks, to divert customers to the Domain Name for its own commercial gain, and to otherwise profit from unauthorized use of the MATTRESS1ST Marks.

50. The aforesaid acts and conduct constitute cyber-piracy in violation of the ACPA, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

51. The unauthorized registration and use of the Domain Name is causing immediate and irreparable injury to the Plaintiff and to the goodwill and reputation of the MATTRESS1ST Marks, and will continue to damage Plaintiff and the MATTRESS1ST Marks unless the Court enjoins such use and transfers registration of the Domain Name to Plaintiff.

52. Plaintiff has been damaged by Defendant's conduct as alleged above in an amount and manner not yet known.

## COUNT IV
## TRADEMARK INFRINGEMENT UNDER FLORIDA COMMON LAW

53. The allegations of paragraphs 1 through 22 of the Complaint are repeated and realleged as though fully set forth herein.

54. Plaintiff has continuously advertised, promoted, offered for sale and sold its goods and services in connection with weight bedding related products in the State of Florida under the MATRESS1ST Marks.

55. Defendant has offered, or caused to be advertised, promoted, sold and offered for sale, its bedding related products under the MATTRESS1ST Marks and/or confusingly similar variations thereof.

56. The acts of Defendant complained of herein are in violation of the common law of the State of Florida, in that Defendant's use in Florida of the MATTRESS1ST Marks and/or

confusingly similar variations thereof connection with the promotion or sale of bedding products, has caused and will continue to cause a likelihood of confusion among the public that Defendant's goods and services are affiliated with, associated with, or otherwise approved by Plaintiff.

57.  As a result, Defendant has been and is now being unjustly enriched by its wrongful misappropriation of the MATTRESS1ST Marks and/or confusingly similar variations thereof and the goodwill symbolized by the MATTRESS1ST Marks.

58.  By reason of the acts of Defendant herein alleged, Plaintiff has suffered and, unless Defendant is restrained from continuing its wrongful acts, will continue to suffer serious and irreparable harm for which it has no adequate remedy at law.

### COUNT V
### UNFAIR COMPETITION UNDER FLORIDA COMMON LAW

59.  The allegations of paragraphs 1 through 22 of the Complaint are repeated and realleged as though fully set forth herein.

60.  The acts and conduct of Defendant as alleged above in this Complaint constitute unfair competition pursuant to the common law of the State of Florida.

61.  Defendant's acts and conduct as alleged above have damaged and will continue to damage Plaintiff and have resulted in an illicit gain of profit to Defendant in an amount that is unknown at the present time.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Furniture First, Inc. prays for judgment against Defendant as follows:

CASE NO. _____

1. That Defendant and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them or their successors or assigns of any of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

    a. Using the MATTRESS1ST Marks, or any reproduction, counterfeit, copy, or colorable imitation of said marks, in connection with the importation, sale, offer for sale, and/or distribution of products or services, including franchise services, that are not genuine;

    b. Using the MATTRESS1ST Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same, in any manner likely to cause others to believe that Defendant's products, services or franchises are connected with Plaintiff or are genuine, if they are not;

    c. Passing-off, inducing, or enabling others to sell or pass off any merchandise, service or franchise which is not genuine as and for genuine merchandise, services or franchises;

    d. Making any false or misleading statements regarding Plaintiff or its goods, or the relationship between Plaintiff or the MATTRESS1ST Marks, on the one hand, and Defendant, on the other hand;

    e. Committing any other acts calculated to cause purchasers to believe that Defendant's products, services or franchises are related to Plaintiff's products services or franchises;

    f. Shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of in any manner packaging falsely

bearing the MATTRESS1ST Marks or any reproduction, counterfeit, copy, or colorable imitation of the same; and

g. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (f).

2. That Defendant and any and all persons controlled by or acting in concert with Defendant be required to deliver to Plaintiff for destruction all goods, packages, and any other written or printed materials that bear or depict the MATTRESS1ST Marks, or any reproduction, counterfeit, copy, or colorable imitation of the same, or that are otherwise in violation of this Court's order issued pursuant hereto, and all means for making the same.

3. That Defendant be required to account to Plaintiff for Defendant's profits from the sale of infringing products, services and franchises, and for such sum in addition thereto as the Court shall find just.

4. That this case be found exceptional and Plaintiff be awarded its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

5. That Plaintiff recover the damages arising out of Defendant's wrongful acts in a sum equal to three times the actual damages suffered by Plaintiff, as provided in 15 U.S.C. § 1117(b).

6. Alternatively, that Plaintiff be awarded statutory damages in lieu of actual damages, as provided in 15 U.S.C. § 1117(c).

7. Pursuant to 15 U.S.C. § 1125(d)(1)(C) an order transferring ownership of the domain name *www.Mattress1.com* to Plaintiff.

CASE NO. _____

8. Pursuant to 15 U.S.C. § 1117(d), an award of statutory damages for Defendant's registration and use of the Domain Name.

9. Punitive damages for the Florida unfair competition claim and the Florida trademark infringement claim.

10. That Plaintiff has and recovers the taxable costs of this civil action, including reasonable attorneys' fees and interest.

11. That Defendant be ordered to file with the Court and serve upon Plaintiff, within thirty (30) days after the service of the injunction upon Defendant, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with such injunction and judgment as may be entered pursuant to this Complaint.

That Plaintiff have such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, Furniture First, Inc., hereby demands a jury trial on all issues triable by a jury.

*[signature on following page]*

CASE NO. _____

Date:   September 15, 2014               Respectfully submitted,

**LOTT & FISCHER, PL**

s/ Ury Fischer
_____
Ury Fischer
Florida Bar No. 048534
E-mail: ufischer@lottfischer.com
Adam Diamond
Florida Bar No. 091008
E-mail: adiamond@lottfischer.com
355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134
Telephone:     (305) 448-7089
Facsimile:     (305) 446-6191

and

Robert C. Goldberg*
E-mail: robert.goldberg@sfnr.com
Gerald M. Newman*
E-mail: gerald.newman@sfnr.com
**SCHOENBERG FINKEL NEWMAN & ROSENBERG, LLC**
222 S. Riverside Plaza, #2100
Chicago, Illinois 60606
Telephone:     (312) 648-2300
Facsimile:     (312) 648-1212
*To apply for admission Pro Hac Vice*

*Attorneys for Plaintiff Furniture First, Inc.*